IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JESSE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-177 |
| COMMISSIONER BRIAN OWEN, | ) | |
| Commissioner, Georgia Department of | ) | |
| Corrections; WARDEN STAN SHEPARD; | ) | |
| WARDEN FNU BUSSY; UNIT MANAGER | ) | |
| FNU REDD; SANDER REDD, Business | ) | |
| Office Clerk | ) | |
| | ) | |
| Defendants.[1] | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently incarcerated at Augusta State Medical Prison in Grovetown, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Augusta State Medical Prison. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), Plaintiff's motion for service upon the defendants be **DENIED AS MOOT** (doc. no. 3), and this action be **DISMISSED** without prejudice.

---

[1] The **CLERK** is **DIRECTED** to modify the docket to reflect the caption as it appears here, which is consistent with Plaintiff's complaint. Plaintiff lists Sander Redd as the Business Office Clerk and not the unit manager. (See doc. no. 1, p. 4.)

I.  BACKGROUND

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). Section 1915(g) is constitutional because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

II.  DISCUSSION

A. **Dismissal Is Warranted Because Plaintiff Has Three Strikes**

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Brown v. McLane, CV 703-101 (M.D. Ga. January 13, 2004) (dismissing the action as frivolous) (2) Brown v. Nix, CV 703-098 (M.D. Ga. Febuary 19, 2004) (dismissing the action as frivolous); and (3) Brown v. Fletcher, CV 502-007 (M.D. Ga. June 10, 2002) (dismissing for failure

to state a claim). Furthermore, Plaintiff has filed two complaints in the Middle District of Georgia that were dismissed under § 1915(g)'s three strike rule due to the strikes accumulated in the cases cited above. See Brown v. Ezell, CV 406-121 (M.D. Ga. Nov. 2, 2006); Brown v. Stracker, CV 412-260 (M.D. Ga. Oct. 3, 2012). As Plaintiff has three strikes, he cannot proceed IFP unless he can show that he qualifies for "the imminent danger of serious physical injury" exception to § 1915(g).

### B. Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger of serious physical injury at the time he files suit in district court. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). In Plaintiff's complaint, Plaintiff repeatedly asserts that his life is in danger. (Doc. no. 1, pp. 5-6.) This is in part due to a "live wire" hanging down from the light fixture in his cell which allegedly shocked him on May 19, 2014. (See id. at 5.) Plaintiff further asserts that his life is in danger due to the untrained wardens and unit managers that fail to address life threatening issues. (Id. at 6.) Plaintiff goes on to complain about Ms. Sander Redd's refusal to certify and return forms to him. (Id.) First, a live wire hanging from a light fixture is not an imminent threat of serious physical injury because Plaintiff is aware that the wire is live and can avoid it. Indeed, Plaintiff alleges no new shocks by the wire in the three months since the incident occurred. (See doc. no. 1, pp. 5-6). Nor does Plaintiff allege that the shock three months ago caused any injury, much less a serious or life-threatening injury. In fact, it is clear from the complaint that Plaintiff was not physically harmed from the shock at all and merely complains that he suffered some pain and was "stressed out for days." (Id. at 5.) For these reasons, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three strike rule. Medberrry, 185 F.3d at 1193.

3

## C. Dismissal Is Also Warranted Because of Plaintiff's Dishonesty

The form complaint that Plaintiff used to commence this case, "Form to Be Used by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they have brought other lawsuits dealing with the same facts, (2) whether they have brought r federal lawsuits while incarcerated (3) whether any suit brought IFP was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. no. 1, pp. 1-2.) Plaintiff did indicate that he had brought federal lawsuits but listed by title only one lawsuit pending in Richmond County Superior Court. (Id. at 2.) Plaintiff also failed to provide any information as to the plaintiffs, defendants, or the courts involved in any former cases he had filed. (Id.) Completely absent is the mention of the five previous lawsuits he brought in federal court mentioned *supra*, Section II.A. Plaintiff did indicate that he was allowed to proceed IFP in cases which were dismissed as frivolous, malicious, or for failure to state a claim. (Id. at 3.) However, Plaintiff only noted that he had brought a case in the Middle District of Georgia but that the case number was unknown. (Id.) As discussed *supra*, Section II.A, Plaintiff has brought at least three cases in which he was allowed to proceed IFP that were dismissed on such grounds.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted); see also Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2011) (affirming dismissal under inherent power of federal courts based on a plaintiff's failure to disclose prior cases on the court's complaint form).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044, 2011 WL 2461958 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), aff'd, 197 F. App'x 818 (11th Cir. 2006). Thus, in refusing to answer the questions concerning his filing history, Plaintiff acted with dishonesty, which provides another basis for dismissal of this case.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2), Plaintiff's motion for service upon the defendants be **DENIED AS MOOT** (doc. no 3), and this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he should be required to initiate a new lawsuit, which would require submission of a new complaint. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002).

SO REPORTED and RECOMMENDED this 18th day of September, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA